UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AFRAA AL EESA. et al.,

Plaintiffs,

v.

JOHNSON & JOHNSON, et al.,

Defendants.

No.  2:23-cv-02183-DC-JDP

ORDER GRANTING PLAINTIFF'S REQUEST TO REDACT/SEAL

(Doc. No. 41)

On January 11, 2024, the parties filed a notice informing the court that they have reached a resolution settling this wrongful death action. (Doc. No. 19.) After requesting and receiving several extensions of time in which to file dispositional documents, the court set a deadline of February 14, 2025, for the filing of dispositional documents, specifically a motion for approval of a minor's compromise because two of the plaintiffs are minors (Plaintiffs A.A.K. and Y.A.K). (Doc. No. 40.)

On February 14, 2025, Plaintiffs filed the pending request to redact/seal, which Plaintiffs styled as a motion for a protective order, requesting that the court permit Plaintiffs to file under seal a unredacted version of their motion for approval of the minors' compromise and to publicly file a redacted version of that motion to protect from public disclosure "the amount of the settlement and the terms of the employment agreement between Plaintiffs' and their attorneys." (Doc. No. 41 at 2.) In their request, Plaintiffs state that their counsel met and conferred with

1

1  defense counsel prior to filing the request, and Defendants do not oppose Plaintiffs' request to

2  seal. (*Id.*) On February 19, 2025, Plaintiffs filed a supplemental declaration by Plaintiffs' counsel

3  to provide the court with a copy of the proposed redacted version of Plaintiffs' motion for

4  approval of the minors' compromise. (Doc. No. 42.)

5  　　The court recognizes that all documents filed with the court are presumptively public. *San*

6  *Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-

7  established that the fruits of pretrial discovery are, in the absence of a court order to the contrary,

8  presumptively public."). However, courts may permit a party to file under seal documents where

9  that party shows "compelling reasons" to support maintaining secrecy of those documents.

10  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "In general,

11  'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files

12  might . . . become a vehicle for improper purposes,' such as the use of records to gratify private

13  spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179

14  (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

15  　　Courts also find "compelling reasons" to justify sealing court records where a minor's

16  privacy interests are at stake, including sealing information related to the minor's identity and the

17  amounts of recovery in the settlement. *See Est. of Serna v. Cnty. of San Diego*, No. 20-cv-2096-

18  BAS-DDL, 2024 WL 4152362, at *5 (S.D. Cal. Sept. 10, 2024) (granting a motion to seal the

19  allocations of the settlement because the minor plaintiff's privacy interests "may be compromised

20  due to the intense media attention on this case"); *Huff v. Thousandshores, Inc.*, No. 21-cv-02173-

21  HSG, 2022 WL 547109, at *3 (N.D. Cal. Jan. 5, 2022) ("The Court agrees that there are

22  compelling reasons to seal the amount that the Minor will receive from the settlement

23  agreement."); *Medina v. Cnty. of Monterey*, No. 24-cv-00053-BLF, 2024 WL 2112890, at *2

24  (N.D. Cal. Apr. 16, 2024) ("[C]ompelling reasons exist to seal settlement amounts in individual

25  settlements, especially where those settlements involve minors.").

26  　　Here, the court finds compelling reasons exist to justify the requested redactions because

27  the designated portions of the motion Plaintiffs seek to file contain details regarding the

28  settlement amount, including the amounts allotted to each Plaintiff and amounts allocated for

1  attorneys' fees. In addition, the court has reviewed the proposed redactions and finds them to be

2  narrowly tailored to protect the minor Plaintiffs' privacy interests. The court will therefore grant

3  Plaintiffs' request to seal.

4          Accordingly,

5          1.      Plaintiffs' request to seal (Doc. No. 41) is GRANTED;

6          2.      Within seven (7) days from the date of this order, Plaintiffs shall file a redacted

7                  version; and

8          3.      Within seven (7) days from the date of this order, Plaintiffs shall also email a PDF

9                  copy of the unredacted version of their motion for approval of the minors'

10                 compromise to ApprovedSealed@caed.uscourts.gov for filing under seal on the

11                 docket in this case.

12

13         IT IS SO ORDERED.

14  Dated:   **April 10, 2025**

15                                                          Dena Coggins
                                                            United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28